

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-1107
Re: Length of permits, numbers required
on tags, and date of payment of per-
mit fees under S.B. 200, the bedding
law.

Your request for an opinion on the following
four questions has been received:

1- "First, how long shall the initial permits
be allowed to run?

"In other words, is it the intent of the
law to have the bedding manufacturers pay $5.
for the 1939 permit and $2.50 for the 1940 per-
mit, etc., or do the permits run for a period
of twelve months from the time that they make
application.

2- "Second, we are not quite clear on the num-
bers required to appear on tags and stamps.
Mention is made in the bill of a permit number
and a registration number. Will it be neces-
sary to have both numbers appear on the tag
and one on the stamp? Also, please give us
your interpretation on what is meant by "permit
number" and what is meant by "registration num-
ber" or again, is the permit number and the
registration number the same.

3- "Third, we would like to know when the per-
mit fees should be paid--before or after the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. T. Cox, page 2

permit is issued, and again, may a temporary permit be issued upon receipt of the application provided said application has the approval of local health authorities on the sanitation of the plant?

4. "Fourth, we would also like to know what method of payment of the permit fee will be required; money order, personal check, certified check or cashier's check; and again, shall this payment be required with the application and should they at the same time include payment for the first initial 500 stamps?"

Two kinds of permits are provided for in the Act; first, bedding manufacturing, repairing or renovating permits (See Section 6, (a) and (c),) and germicidal process. (See Section 6, (b) and (d),).

Since you refer to the Five ($5.) Dollars and Two Dollars and Fifty Cents ($2.50) fees, we assume you are inquiring as to the time limit of the manufacturing, repairing or renovating permits, which we shall henceforth designate as "bedding permit", as distinguished from "germ process permit".

In respect to the time limit of the germ process permit issued by the Board under the Bedding Law, the language is clear and susceptible of only one construction. Section 6 (b) reads, in part, as follows:

" . . . Such permit shall expire __one year__ __from date of issue__ and shall thereafter be annually renewed at the option of the permit holder upon submission of proof of continued compliance with the provisions of this Act and the regulations of the Department. . . . " (Underscoring ours).

By "such permit" is meant the original germ process permit. It is provided that it expire, not at the end of the state's fiscal year, or the calendar year, but "one year from date of issue". It is an annual permit, and the holder gets the full benefit of the first

Hon. Geo. W. Cox, page 3

year period it covers. It is renewable annually on date of expiration. If the Legislature had had a contrary intention, it could have easily designated a different expiration time for the initial permit. "One year from date of issue" means exactly what it says. If a permit is dated October 1, 1939, it expires at midnight on September 30, 1940. The renewal certificate will carry the date October 1, 1940.

It is our opinion that it was the intention of the Legislature that the provisions of the statute relative to time duration of "germ process permit" should also govern the "bedding permit". The principal reason is that the language of (c) and (d) regarding fees is practically identical with the exception of the amounts of the fees. The words "initial permits" - "time of issuance" - "annual renewal charge" - are used in respect to bedding permits as well as germ process permits.

You are advised that bedding permits expire and are renewable "one year from date of issue" and that a Five ($5.) Dollar fee is chargeable for the first full year, and a Two Dollars and Fifty Cent ($2.50) fee annually for successive years.

Answering your first question, specifically, the initial bedding permits shall run for twelve months from date of issuance, and the fees for same shall be Five ($5.) Dollars. For the ensuing twelve months period respectively, the fee will be Two Dollars and Fifty Cents ($2.50).

Section 6(b) provides for numbering of the germ process permits. We believe the requirement would also apply to the bedding permit on the basis of the same reasoning used above in respect to the time limit of permits and also the wording of Section 2(a), which is as follows:

"All bedding shall bear securely attached thereto and plainly visible, a substantial white cloth tag upon which shall be indelibly stamped or printed with black ink, in English language. * * * the number of the permit of the person manufacturing the bedding; and the number of

Hon. Geo. W. Cox, page 4

the permit of the person applying such germi-
cidal treatment, if any."   (Underscoring ours)

Section 7(b) provides:

"The Department shall register all appli-
cants for stamps and assign to every such person
a registration number, which thereafter shall
constitute his identification record, and said
identification shall not be used by any other
person."

It is obvious that the permit numbers and the
registration numbers are not the same.

The "permit number" is the number which appears
on the face of the permit.  It must be shown on the
"white cloth tag" attached to bedding manufactured by
the person holding the permit.  This is required by
Section 8, subheading (a).

A registration number is a number given an ap-
plicant for or purchaser of stamps.  The registration
number is entered in the books of the Bureau of Health
for identification purposes.  Section 7(c) provides
that the registration number appear on the adhesive
stamp, not on the "white cloth tag" to which the stamp
is affixed.

The "white cloth tag" is a matter for the indi-
vidual manufacturer of bedding to prepare.  The stamps
are prepared and furnished by the Bureau of Health.

In answer to your third question, permit fees
should be paid by the applicant to the Department "at
the time of issuance" of the permit, which simply means
that the permit should under no circumstances be issued
until the fee has been received by the State Board of
Health.  There is no provision in the Act for a tempor-
ary permit and in absence thereof we are of the opinion
that the Board has no authority to issue such a permit,
but must issue the regular permit as expeditiously as
possible.  Section 6(e) authorizes the Board to revoke

Hon. Geo. W. Cox, page 5

permits issued upon proof of violation of any provision of the Act.

Finally, in regard to the method of payment of the permanent fee, there is no state law specifying and demanding any special form of payment, or requiring that payment of permit fees be made in legal tender. The State Treasurer will accept cash, money order, cashier's check, certified check, or personal check. However, it is sound policy and the rule of most state agencies in similar instances to determine whether or not a check offered in payment has been cleared before the permit is issued. In the case of stamps, it is especially important that actual payment be made because once the stamps have been forwarded to the purchaser it might be difficult to regain possession of them in the event payment does not materialize.

It is our opinion that payment should accompany the application for a permit. There is no provision in the law which requires that stamps be purchased at the time the application for a permit is made, and payment for a permit may be made separately from payment for stamps.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Dick Stout
Assistant

DS:ob

APPROVED SEP 30, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ____